COMMONWEALTH *vs.* WILLIAM HOWE.
SAME *vs.* SAME & others.

Confessions made by one so intoxicated as not to understand them are no evidence of guilt.
Whether a party making confessions was so much under the influence of intoxicating liquor
as not to understand what he was confessing is a question for the jury.
On the trial of an indictment for breaking and entering a shop and stealing therein, the
only evidence against the defendant was his confession, made while under the influence
of intoxicating liquor, that he and another person broke into the shop and stole the goods
described, and that the defendant sold part of the goods to a third person. *Held,* that the
defendant might introduce evidence to disprove all the facts which he was said to have
confessed.
If the question whether a defendant, when making confessions of guilt, was so intoxicated
as not to understand them, is submitted to the court as preliminary to the admission of
a witness to the confessions, and is decided by the court upon the testimony of that wit-
ness only, rejecting evidence of other witnesses that shortly before and after the conversa-
tion at which the confession was made the defendant was intoxicated, it is ground of
exception.

INDICTMENTS for breaking and entering shops and stealing shoe stock therein. Trials in the court of common pleas before *Aiken,* J.

In the *first* case the only evidence to connect the defendant with the breaking and entering was testimony of one Colbath that the defendant told him that he, together with George Parmenter, (who had been jointly indicted with him, but against whom a *nolle prosequi* had been entered,) broke and entered the shop and stole the stock as alleged in the indictment, and that Howe sold his share of said stock, so stolen, to Emery Cobb. Colbath also testified to facts tending to show that Howe, when he made these confessions, was more or less under the influence of liquor.

The defendant requested the court to rule that the confessions, being made by a man intoxicated, were not competent evidence. But the court declined so to rule; and did rule " that the evidence of intoxication was only to be considered by the jury, in determining what weight was to be given to the confessions of the defendant as evidence; that if they found he was so much under the influence of liquor as not to understand

what he was confessing, they ought to disregard the confession as evidence altogether; and that the burden was upon the government to show the confession was voluntary."

The defendant then offered to show that Parmenter did not break into the shop or aid in stealing the stock; and that Howe did not in fact sell to Cobb any portion of the stock, or any other shoe stock. But the court ruled that the testimony was incompetent.

The proceedings in the *second* case were substantially similar, except as follows: " The government produced Colbath as a witness in order to prove certain confessions said to have been made to him by Howe. The defendants objected that that confession was made, if at all, at a time when Howe was not in possession of his senses from the use of intoxicating liquor; and with the permission of the court, as a preliminary question to the court, cross-examined the witness as to the state and condition of Howe when said confessions were supposed to have been made. Colbath testified to certain facts, in his cross-examination, tending to prove that at the time said confessions were made Howe had been drinking, as the witness thought, to excess; but the witness thought Howe knew what he was about.

" The defendants then offered to call other witnesses, who were not present at the conversation, to prove that shortly before and after the time of the conversation with Howe, testified to by Colbath, Howe was drunk and not in possession of his senses. But the court refused to hear the testimony, and, after argument upon the testimony given by Colbath, ruled that if intoxication had been so far proved by the testimony of Colbath as to satisfy the court that Howe had not been in possession of his senses, it would reject the evidence of confession as incompetent; but that it was not satisfied from the testimony of Colbath that such was the case, and should permit the evidence to go to the jury."

The jury in each case returned a verdict of guilty, and the defendants excepted.

*B. F. Butler & N. St. J. Green,* for the defendants.

*J. H. Clifford,* (Attorney General,) for the Commonwealth, to the point that the sufficiency of the evidence of intoxication in the second case was within the discretion of the presiding judge, and not a matter of exception, cited *Davis* v. *Maxwell,* 12 Met. 286.

Thomas, J. In the *first* case, the *corpus delicti* being shown, the evidence to connect the defendant with the offence is that of his own confession. In relation to the confession two questions arise :

1. Evidence having been given tending to show that when the confessions were made the defendant was more or less under the influence of liquor, the court was requested to instruct the jury that the confessions, being made by a man intoxicated, were not competent evidence. This prayer assumed the question of fact.

The court instructed the jury that the evidence of intoxication was an objection to the weight and not to the competency of the testimony; and that if the defendant was so much under the influence of liquor as not to understand what he was confessing, they should disregard the confessions altogether. These instructions were entirely right. See *Rex* v. *Spilsbury,* 7 Car. & P. 187.

2. The confessions of which evidence was given embraced in substance three facts: first, that the defendant broke and entered a shop ; second, that George Parmenter was with him in so breaking and entering ; third, that the defendant sold the stock stolen to Emery Hobbs.

The defendant offered evidence to show that the confessions were not true ; that the facts did not occur as in the confessions stated. This evidence was rejected. We think it should have been admitted ; that the defendant was not to be concluded by any confessions made, much less by the statements of witnesses that confessions had been made. It was competent to show that the facts could not have taken place as alleged, or did not ; especially is this the case where there is evidence leaving it doubtful whether the defendant was in a condition to understand what he was confessing.

The *second* case is distinguished from the first only in this respect: The court admitted evidence from a witness testifying to the confessions of the defendant as to the condition of the defendant at the time the confessions were made; but declined to hear evidence from other witnesses as to the state the prisoner was in before and after the confessions were made. This was erroneous. If the judge was to hear the evidence, and determine the mental condition of the defendant when the confessions were alleged to have been made, he should hear all the competent evidence. The more correct course would have been to submit the confessions with the whole evidence to the jury.

*Exceptions sustained in both cases.*